FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

EDWARD MARK MURRAY,

       Defendant - Appellant.

No. 14-3143
(D.C. No. 6:13-CR-10172-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

Edward Mark Murray entered a guilty plea to one count of unlawful

possession of a firearm in furtherance of a drug trafficking crime. He was sentenced

to the statutory minimum of sixty months' imprisonment. In his plea agreement, he

waived his right to appeal his conviction and sentence. Despite this appellate waiver,

Mr. Murray filed an appeal seeking to challenge his conviction. The government

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

Mr. Murray's attorney filed a response agreeing with the government that the appellate waiver is valid, and indicating that he would file his merits brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), if required to do so. Mr. Murray was then given the opportunity to file a pro se response to the motion to enforce. He did not file a response.

We have considered the parties' submissions consistent with the factors outlined in *Hahn*, *see* 359 F.3d at 1325, and we conclude the government's motion should be granted. Mr. Murray's appeal falls within the scope of the waiver in his plea agreement, he knowingly and voluntarily waived his appellate rights, and enforcing the waiver would not result in a miscarriage of justice. *See id.* Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
